## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

     Plaintiff,                           Case No.:  16-CR-20593

v.                                       Hon. Gershwin A. Drain

**D-2 LIBERTY JARAMILLO,**

     Defendant.

---

## DEFENDANT LIBERTY JARAMILLO'S MOTION FOR COMPASSIONATE RELEASE OR CONTINUATION OF REPORT DATE

NOW COMES Defendant Liberty Jaramillo ("Mr. Jaramillo") by and through his undersigned counsel, and respectfully moves this Honorable Court to grant his Motion for Compassionate Release or Continuation of Report Date. Mr. Jaramillo respectfully requests that he be granted compassionate release or a continuation of his report date for the following reasons:

1.    Mr. Jaramillo is 69 years old and suffers from type 2 diabetes, tachycardia, heart palpitations, high cholesterol, rheumatoid arthritis, gout attacks, and thyroid problems.

2.    Mr. Jaramillo is scheduled to report to the federal correctional institution in Morgantown, WV (FCI Morgantown) on July 23, 2020 to serve his 36-month sentence for healthcare fraud.

3.     Mr. Jaramillo's report date has previously been continued due to the COVID-19 pandemic. The pandemic remains a threat throughout the Unites States, especially for older adults with preexisting conditions such as Mr. Jaramillo.

4.     Courts have held the exhaustion of administrative remedies is not required before judicial review of a compassionate release request.

5.     Extraordinary and compelling reasons exist to grant Mr. Jaramillo compassionate release.

6.     The purposes of punishment can be adequately achieved through alternatives to incarceration, and without risk of danger to the community.

7.     If compassionate release is not granted, the risks and consequences of COVID-19 exposure still warrant a continuation of Mr. Jaramillo's report date.

8.     The Government has been contacted prior to filing this motion, and objects to compassionate release. The Government takes no position and defers to the Court on a continuation of the report date.

WHEREFORE, for the reasons stated herein and in the attached Brief in Support, Defendant Liberty Jaramillo, by and through his undersigned counsel, respectfully requests that this Honorable Court GRANT his instant Motion for Compassionate Release or Continuation of Report Date.

Respectfully Submitted,
CHAPMAN LAW GROUP

Dated:  July 17, 2020

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II (P73179)
*Attorney for Defendant Jaramillo*
1441 West Long Lake Rd., Suite 310
Troy, Michigan 48098
(248) 644-6326
rwchapman@chapmanlawgroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                          Case No.:  16-CR-20593

v.                                      Hon. Gershwin A. Drain

D-2 LIBERTY JARAMILLO,

      Defendant.

---

## BRIEF IN SUPPORT OF DEFENDANT LIBERTY JARAMILLO'S MOTION FOR COMPASSIONATE RELEASE OR A CONTINUATION OF REPORT DATE

Defendant Liberty Jaramillo respectfully submits this memorandum in support of his motion requesting compassionate release or a continuation of report date.

## I. BACKGROUND

On June 15, 2017, Mr. Jaramillo entered a plea agreement and pleaded guilty to Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349. On May 3, 2018, Mr. Jaramillo was sentenced to 36 months in prison at FCI Morgantown. Dkt. No. 142. Mr. Jaramillo's scheduled report date is currently July 23, 2020. Dkt. No. 179. This Court has previously entered stipulated orders to extend Mr. Jaramillo's original report date of June 7, 2018 to:

a. September 7, 2018 (Dkt. No. 145)

    b. January 7, 2018 (Dkt. No. 153)

    c. April 8, 2019 (Dkt. No. 160)

    d. August 19, 2019 (Dkt. No. 166)

    e. February 3, 2020 (Dkt. No. 171)

    f. March 23, 2020 (Dkt. No. 176)

## II. GOVERNING LAW

Once imposed, a term of imprisonment cannot be modified by the court unless it determines that the defendant's administrative rights have been exhausted and extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A). The defendant or Director of the Bureau of Prisons must move the court to hear a motion of modification upon exhaustion of all administrative rights or after the lapse of 30 days, whichever is first. *Id.*

Upon review of the merits of a motion for compassionate release, the court must consider the following factors: 1) whether extraordinary and compelling reasons warrant a sentence reduction, § 3582(c)(1)(A)(i); 2) whether the defendant is a danger to the community, 18 U.S.C. § 3142(g), U.S.S.G. § 1B1.13; 3) whether the reduction would take into consideration the purposes of punishment, 18 U.S.C. § 3553(a).

## III. ARGUMENT

Mr. Jaramillo has not yet reported to FCI Morgantown to serve his 36-month sentence; however, waiting to request compassionate release until after he is in custody would delay and create a redundancy of these proceedings. Mr. Jaramillo's vulnerable health condition is caused by age, chronic illnesses, and the COVID-19 pandemic, which will remain a threat for the foreseeable future. Requiring Mr. Jaramillo to report to prison in order to file a motion based on these same concerns is counterproductive as the time he spends traveling to Morgantown, and in custody, however limited, will put him at greater risk of COVID-19 exposure and serious complications, which is what this motion is aimed at preventing.

### A. Courts Have Waived the Statutory Exhaustion Requirement During the COVID-19 Pandemic.

Mr. Jaramillo's administrative remedies under 18 U.S.C. § 3582(c)(1)(A) have not yet been exhausted. Traditionally, the procedure in the statute has been interpreted to require that the defendant request the warden of his or her facility to bring a motion for compassionate release on the defendant's behalf, and either wait for a response or for 30 days to lapse, whichever is first, before proceeding. However, the COVID-19 pandemic has created extenuating circumstances and the need for expediency in reviewing defendants' requests for compassionate release. This administrative process has become a barrier to the timely relief it has been put in place to facilitate. The issue of whether administrative remedies must be

exhausted before seeking judicial relief, has recently been analyzed in many courts, including the Eastern District of Michigan, and in some instances have held administrative remedies do not need to be satisfied before reviewing the case on its merits.

In *United States v. Agomuoh*, Judge Levy looked to the text and congressional intent of the compassionate release statute and determined the language bound the Government, and not the defendant, to the 30-day timeline if the Bureau of Prisons (BOP) wished to take part in the decision. No. 16-20196, 2020 U.S. Dist. LEXIS 86562, at *16 (E.D. Mich. May 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Also, the short 30-day timeframe, and ability of the defendant to move forward with the request without a definitive response from BOP, supports that the administrative review requirement is not so absolute as to prevent judicial waiver in cases of undue prejudice. *Id*. at *15-16. Judge Levy held, "[t]he court honors congressional intent not by routinely enforcing the 30-day period in the face of a global pandemic, but instead by waiving such a requirement where appropriate and in accordance with Congress's clear attempt to afford quick judicial relief to vulnerable individuals." No. 16-20196, 2020 U.S. Dist. LEXIS 86562, at *16 (E.D. Mich. May 18, 2020). Likewise, Mr. Jaramillo should not be barred from judicial review of his compassionate release request because he has not exhausted his administrative remedies.

4

**B. Extraordinary and Compelling Circumstances Exist to Grant Mr. Jaramillo Compassionate Release.**

**1. Serious Medical Conditions**

Mr. Jaramillo's serious medical conditions constitute extraordinary and compelling reasons. Mr. Jaramillo is a 69-year-old man who suffers from tachycardia, heart palpitations, high cholesterol, type 2 diabetes, rheumatoid arthritis, gout attacks, and thyroid problems including hyperthyroidism and thyroid removal. Mr. Jaramillo's age and health conditions place him within the increased risk group for developing severe illness from COVID-19. Centers for Disease Control and Prevention (CDC) states that the chance of hospitalization, intensive care admission, and death increases with age.[1] Certain underlying conditions such as type 2 diabetes mellitus also puts Mr. Jaramillo, and individuals of any age, at higher risk for severe illness.[2] CDC recommends that people like Mr. Jaramillo with increased risk should limit their interactions with others as much as possible and take precautions such as social distancing and limiting contact with commonly touched surfaces and items. *Id*. It will be difficult for Mr. Jaramillo to reduce his interaction

---

[1] *See* Centers for Disease Control and Prevention, Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed July 14, 2020).

[2] *See* Centers for Disease Control and Prevention, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed July 14, 2020).

with other people and his use of shared spaces within FCI Morgantown, which currently houses 507 male inmates.[3] FCI Morgantown is composed of seven housing units, which include dormitory-style rooms, cubicles, and double rooms.[4] It is inevitable that Mr. Jaramillo will be, sleeping, eating, bathing, and living in close proximity to other inmates and facility employees, making abidance with the CDC guidelines impracticable.

### 2. Dangerous Conditions Within and Surrounding FCI Morgantown

The Federal Bureau of Prisons (BOP) has reported that 15 inmates at FCI Morgantown have completed tests for COVID-19, six inmates have pending COVID-19 tests, and zero inmates have had a positive COVID-19 test.[5] Despite these low numbers, the statistics do not guarantee that COVID-19 is not present among the inmate population and staff at FCI Morgantown. COVID-19 can spread through asymptomatic or pre-symptomatic transmission, meaning while a person never develops symptoms or has not yet developed symptoms, that person can still infect other people.[6] Without more COVID-19 testing, it cannot be determined who

---

[3] *See* Federal Bureau of Prisons, FCI Morgantown, https://www.bop.gov/locations/institutions/mrg/ (last accessed July 14, 2020).
[4] *See* FCI Morgantown West Virginia Admission & Orientation Handbook, https://www.bop.gov/locations/institutions/mrg/MRG_aohandbook.pdf (last accessed July 14, 2020).
[5] *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed July 14, 2020).
[6] *See* World Health Organization, Transmission of SARS-CoV-2: implications for infection prevention precautions, https://www.who.int/news-room/commentaries/detail/transmission-of-sars-cov-2-implications-for-infection-prevention-precautions (last accessed July 14, 2020).

is and is not infectious, and as a result COVID-19 remains a serious threat at FCI Morgantown, especially for vulnerable individuals like Mr. Jaramillo.

In addition to the threat of COVID-19 exposure from other inmates, Mr. Jaramillo also risks exposure from the staff at FCI Morgantown. Many of the facility's employees likely live in the surrounding area of Monongalia County, which leads the state in the highest number of confirmed COVID-19 cases with 557 cases.[7]

The lack of expanded testing to include asymptomatic inmates, the inability to properly socially distance within the facility, and the high number of positive cases in the surrounding community all make FCI Morgantown a dangerous environment for Mr. Jaramillo as it increases his risk of severe illness or death from COVID-19. Therefore, extraordinary and compelling reasons warrant modification of his sentence.

### 3.  No Risk of Danger to the Community.

Based on the framework provided in 18 U.S.C. § 3142(g), Mr. Jaramillo is not a danger to the community and presents no risk to public safety. Mr. Jaramillo is a 69-year-old father and retired engineer with no criminal history. PSR at 8, 9, 11-12. He was convicted of the non-violent crime of Conspiracy to Commit Health Care

---

[7] *See* Department of Health & Human Resources, COVID-19, https://dhhr.wv.gov/COVID-19/Pages/default.aspx (last accessed July 14, 2020).

Fraud and Wire Fraud and is scheduled to serve his sentence in a minimum-security prison. Mr. Jaramillo plans to live alone following any period of incarceration, and that residence has been inspected and deemed fit by Pretrial Services. PSR at 10. Mr. Jaramillo accepted responsibility for his actions and pled guilty to conspiracy. Since he was sentenced on May 3, 2018 he has been living in the community without incident, and his report date has been extended multiple times without objection from the Government.

### 4.  Incarceration is Unnecessary to Serve the Purposes of Punishment.

Incarcerating Mr. Jaramillo is unnecessary to serve the purposes of punishment under 18 U.S.C. § 3553(a)(2). The goals of punishment are to reflect on the seriousness of the offense, deter future criminal conduct, protect the public, and provide defendants with necessary training and/or treatment. § 3553(a)(2)(A)-(D). During this global pandemic, these purposes can be adequately achieved through a modified sentence for non-violent, first-time offenders such as Mr. Jaramillo. The detrimental effects of serving a term of incarceration while facing COVID-19 exposure far exceed Mr. Jaramillo's potential danger to the community. The other goals can be achieved outside of prison, and without the risk of serious complications from COVID-19 infection and death.

**C. If Compassionate Release is Not Granted, Mr. Jaramillo's Report Date Should Be Continued.**

Even if Mr. Jaramillo's request for compassionate release is not granted, his report date should be continued due to the ongoing COVID-19 pandemic, and the high risk of serious illness or death due to his age and medical conditions as outlined above.

## IV. CONCLUSION

WHEREFORE Defendant Liberty Jaramillo, by and through his undersigned counsel, respectfully requests that this Honorable Court GRANT his instant Motion for Compassionate Release or Continuation of Report Date.

Respectfully Submitted,
CHAPMAN LAW GROUP

Dated:  July 17, 2020

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II (P73179)
*Attorney for Defendant Jaramillo*
1441 West Long Lake Rd., Suite 310
Troy, Michigan 48098
(248) 644-6326
 rwchapman@chapmanlawgroup.com

**<u>PROOF OF SERVICE</u>**

I hereby certify that on July 17, 2020, I presented the foregoing document to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by U.S. Postal Service the document to any involved non-participants.

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II (P73179)
*Attorney for Defendant Jaramillo*
rwchapman@chapmanlawgroup.com