UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        NO. 16-CR-20593

v.        HON. GERSHWIN A. DRAIN

LIBERTY JARAMILLO,

        Defendant.
_____/

## United States' Response Opposing the Defendant's Emergency Motion for Compassionate Release (ECF No. 213)

The United States opposes Defendant Liberty Jaramillo's ("Defendant's") pending motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 213) ("Def.'s Mot.") because he has failed to exhaust his administrative remedies as required by statute. His request also fails on its underlying merits, as granting release from a sentence he has barely served – and which he could easily have delayed initiating until after the pandemic had passed – would undermine all objectives of sentencing.

1

## Background

The Defendant and his co-conspirator, Editha Manzano, owned and operated Anointed Care Services ("Anointed"). Anointed operated as a fraudulent home health services company that billed for home health services that were not provided or were not medically necessary, using patients obtained through illegal kickbacks. Together, the Defendant and Manzano built and led a sprawling criminal scheme designed to defraud the public health care system. They recruited others to their scheme who would pretend to provide services to "patients" who did not need them. The Defendant personally delivered cash kickbacks to patients as an enticement for them to sign up with Anointed and to sign falsified medical support documentation. He directed and monitored other Anointed employees in doing the same. He facilitated the fabrication of medical files, which were submitted to Medicare in support of claims for home health visits that never happened, and home health visits that were completely unnecessary and illegitimate. All told, Anointed billed Medicare for approximately $1.7 million of services from November 2013 through April 2016, of which Anointed was paid almost $1.6 million.

The Defendant pleaded guilty to one count of Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1349, 1347, and 1343, and on May 3, 2018, was sentenced to 36 months imprisonment. Following that judgment, the Defendant requested and was granted (without opposition from, and in most cases stipulated to by, the government) several delays in his report date. On July 17, 2020, the Defendant filed a motion for compassionate release or, in the alternative, another continuation of his report date, due to the COVID-19 pandemic. Motion, ECF No. 193. This Court denied compassionate release but granted the alternative relief, which was unopposed by the government. Order, ECF No. 197. The Defendant made no further requests to continue his report date. On November 13, 2020, the Defendant voluntarily reported to USP Lewisburg. On November 16, 2020, the Defendant filed the pending motion for compassionate release on an emergency basis – having made no attempts to first exhaust his administrative remedies, as required by the statute. Def.'s Mot. at PageID3610. In support of his motion, the Defendant cites to his age (70 years) and various health conditions, coupled with the dangers posed by

the ongoing COVID-19 pandemic. He has served less than one week of his 36-month sentence.

## Argument

The Defendant's motion for compassionate release must be denied because he has yet to exhaust the statutorily-mandated administrative remedies. Indeed, he has not even attempted to satisfy the mandatory exhaustion requirement, rendering his motion for release deficient at the outset.

A prisoner may only move the district court for compassionate release under 18 U.S.C. § 3582(c)(1) under one of two circumstances: (1) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf"; or (2) there has occurred a lapse of 30 days from prison warden's receipt of the prisoner's request for such action. 18 U.S.C. § 3582(c)(1)(A). Unless and until the prisoner has met one of these criteria, this Court may not grant a petition for compassionate release if the government demands enforcement. *Id.*; *United States v. Alam*, 960 F.3d 831, 833-84 (6th Cir. 2020). This is so even now, during the COVID-19 crisis.

The Defendant has satisfied neither condition required under Section 3582(c)(1)(A). Instead, he argues that this exhaustion requirement should be waived for him, due to the exigent circumstances occasioned by the COVID-19 pandemic. Def.'s Mot. at PageID 3610-11. The Defendant is wrong. His argument is premised exclusively on case law that pre-dates the Sixth Circuit's decision in *Alam*, namely the Honorable Judge Levy's opinion in *United States v. Agomuoh*, 461 F. Supp. 3d 626 (E.D. Mich. 2020). *Id.* at PageID 3611. Post-*Alam*, courts in this district must now follow the Sixth Circuit's directive and enforce the administrative exhaustion requirement. *See, e.g., United States v. Rodriguez*, No. 14-cr-20425, 2020 WL 6393892 (E.D. Mich. Nov. 2, 2020) (J. Levy).

The Defendant's failure to exhaust administrative remedies is sufficient alone to defeat this motion. However, it also should be denied on its underlying merits. Granting this motion would undermine the principle goals of sentencing as articulated in 18 U.S.C. § 3553(a) by allowing the Defendant essentially to escape all consequences for his criminal actions through purely strategic maneuvering. Rather than requesting another continuation of his report date so that he could serve

his sentence in safety after the pandemic has passed, the Defendant chose deliberately to report into a dangerous environment and file this emergency motion. Both the "emergency" circumstances and the "extraordinary and compelling" reasons offered by Defendant are therefore of the Defendant's own manufacture. This Court should not countenance such gamesmanship and allow the Defendant to escape all accountability for his crimes.

## Conclusion

The administrative exhaustion requirement in the compassionate release statute is a critical part of the statutory scheme that should not be ignored. In this case, the Defendant has made no efforts to satisfy that exhaustion requirement. Without having done so, and especially in light of his blatant attempts to circumvent this Court's wisdom in imposing his sentence to begin with, this instant motion for compassionate release must be denied.

    Respectfully submitted,

    Matthew Schneider
    United States Attorney

    *s/Kathleen C. Cooperstein*
    Kathleen C. Cooperstein

                                                Trial Attorney
                                                United States Department of Justice
                                                1400 New York Avenue, NW
                                                Washington, DC 20530
                                                Phone: (202) 957-2958
                                                Email: kathleen.cooperstein@usdoj.gov

Dated: November 18, 2020

## Certificate of Service

I hereby certify that on November 18, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                                    *s/ Kathleen C. Cooperstein*
Kathleen C. Cooperstein
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
Phone: (202) 957-2958
Email: kathleen.cooperstein@usdoj.gov