UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LIBERTY JARAMILLO,

    Defendant (D-2).

_____/

Case No. 16-cr-20593

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#213]

On November 16, 2020, Defendant Liberty Jaramillo filed an Emergency Motion for Compassionate Release.  ECF No. 213.  Defendant states that he reported to the United States Penitentiary at Lewisburg on November 13, 2020 to begin serving his 36-month sentence.  The Government responded to Defendant's Motion on November 18, 2020 and opposed the requested relief, noting that Defendant failed to exhaust his administrative remedies with the Bureau of Prisons as required by 18 U.S.C. § 3582(c)(1)(A).  ECF No. 215, PageID.3622.  Indeed, Defendant concedes he has not yet exhausted his administrative remedies, but argues the Court should waive § 3582(c)(1)(A)'s exhaustion requirement.  ECF No. 213, PageID.3610-3611.

Defendant relies on outdated, non-binding authority in support of his argument.  *See United States v. Agomuoh*, 461 F. Supp. 3d 626, 634 (E.D. Mich. May 18, 2020).  In *Alam*, the Sixth Circuit rejected the same argument Defendant advances here concluding that, while § 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional rule, it is a mandatory claims-processing rule that is not subject to judge-made exceptions and must be enforced "when properly invoked."  *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).  Here, the Government has timely invoked the exhaustion rule; the exceptions to the exhaustion requirement, waiver and forfeiture, are therefore inapplicable.  *Id*. at 834 (finding no waiver because the government had "timely objected to Alam's failure to exhaust at every available opportunity."); *see also United States v. Howard*, No. 12-20751, 2020 U.S. Dist. LEXIS 149947, at *2-3 (E.D. Mich. Aug. 19, 2020) (proceeding to the merits of the defendant's compassionate release motion because the government "decided to waive its exhaustion argument in its supplemental briefing and at oral argument.").

Defendant may file a renewed motion for compassionate release upon exhaustion of his administrative remedies in accordance with *Alam*.  960 F.3d at 833-34.  Further, this Court will require Defendant to supplement his renewed motion with medical records that document Defendant's various medical conditions, as well as their severity, as alleged in the present Motion.

Accordingly, Defendant's Motion for Compassionate Release [#213] is **DENIED WITHOUT PREJUDICE.** *See United States v. Baskin*, No. 20-1634, 2020 U.S. App. LEXIS 35266 at *4 (6th Cir. Nov. 6, 2020) (affirming denial of compassionate release motion based on a failure to exhaust administrative remedies consistent with § 3582(c)(1)(A), which is "a mandatory claims-processing rule that requires us to dismiss the motion without prejudice.") (citing *Alam*, 960 F.3d at 834).

**IT IS SO ORDERED.**


s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  November 19, 2020


CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record and on Liberty Jaramillo, No. 54987-039, United States Penitentiary Lewisburg, 2400 Robert F. Miller Drive, Lewisburg, PA 17837 on
November 19, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager