UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        NO. 16-CR-20593

v.        HON. GERSHWIN A. DRAIN

D-2 LIBERTY JARAMILLO,

        Defendant.

_____/

**UNITED STATES' RESPONSE OPPOSING DEFENDANT'S
EMERGENCY MOTION FOR COMPASSIONATE RELEASE [DKT. 220]**

The United States opposes Defendant Liberty Jaramillo's ("Defendant's") pending emergency motion for compassionate release (ECF No. 220) ("Def.'s Mot.") because release would be inconsistent with the sentencing factors enumerated in 18 U.S.C. § 3553. To date, the Defendant has served all of eight weeks of his 36-month sentence – a sentence that the government and this Court both previously and repeatedly agreed to delay in light of the ongoing COVID-19 pandemic. *See, e.g.*, Order, ECF No. 197 (July 23, 2020). In spite of this history, the Defendant voluntarily reported to begin his period of incarceration on November 13, 2020 in the midst of the pandemic. Relieving the Defendant now of serving essentially the entirety of his sentence would seriously undermine the public's interest in seeing

1

sentences reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

## Background

The Defendant and his co-conspirator, Editha Manzano, owned and operated Anointed Care Services ("Anointed"). Anointed operated as a fraudulent home health services company that billed for home health services that were not provided or were not medically necessary, using patients obtained through illegal kickbacks. Together, the Defendant and Manzano built and led a sprawling criminal scheme designed to defraud the public health care system. They recruited others to their scheme who would pretend to provide services to "patients" who did not need them. The Defendant personally delivered cash kickbacks to patients as enticement for them to sign up with Anointed and to sign falsified medical support documentation. He directed and monitored other Anointed employees in doing the same. He facilitated the fabrication of medical files, which were submitted to Medicare in support of claims for home health visits that never happened, and home health visits that were completely unnecessary and illegitimate. All told, Anointed billed Medicare for approximately $1.7 million of services from November 2013 through April 2016, of which Anointed was paid almost $1.6 million.

The Defendant pleaded guilty to one count of Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1349, 1347, and 1343, and on May 3, 2018, was sentenced to 36 months imprisonment.

The Defendant requested and was granted (without opposition from, and in most cases stipulated to by the government) several delays in his report date. On July 17, 2020, the Defendant filed a motion for compassionate release or, in the alternative, another continuation of his report date, due to the COVID-19 pandemic. Motion, ECF No. 193. This Court denied compassionate release but granted the alternative relief, which was unopposed by the government. Order, ECF No. 197. The Defendant made no further requests to continue his report date. On November 13, 2020, the Defendant voluntarily reported to USP Lewisburg. Three days later, on November 16, 2020, the Defendant filed a motion for compassionate release, which was denied for failure to exhaust administrative remedies. Order, ECF No. 217. On December 30, 2020, having exhausted administrative remedies in the interim, the Defendant filed the currently pending motion for compassionate release. In support of his motion, the Defendant cites to his age (70 years) and various health conditions, coupled with the dangers posed by the ongoing COVID-19 pandemic. As of today, he has served eight weeks of his 36-month sentence.

**Argument**

The Defendant's motion for compassionate release should be denied because his release – having waited until the end of the COVID-19 pandemic was within sight to report – would seriously undermine the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Those factors are a critical part of the compassionate release analysis, in addition to establishing "extraordinary and compelling" circumstances that require release. 18 U.S.C. § 3582(c)(1)(A). The weight of the Section 3553 factors should be especially persuasive here, where the Defendant's own strategic choices have brought him into the path of these extraordinary circumstances.

The government acknowledges that the Defendant fits into a category of individuals at increased risk of severe illness from COVID-19, as defined by the Centers for Disease Control, due to his age and Type 2 Diabetes. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Jan. 6, 2021). Incarceration during the COVID-19 pandemic in this condition is concededly an extraordinary circumstance. However, both the government and this Court had exhibited ample willingness to delay the Defendant's report date until such time as it is safe for him to do so. The Defendant chose not to request this simple and safe relief from his November report date.

The Defendant asserts that when he reported to prison on November 13, 2020, he did so "before the severity of the latest escalation in COVID-19 cases was realized." Def.'s Mot. at PageID.3667. Yet, his present claim that he did not anticipate the dangers he now seeks to avoid in his pending motion is belied by the Defendant's own prior pleadings. On July 17, 2020 (four months before he reported), the Defendant requested release from his then-prospective custodial sentence on the exact same basis as he does today, noting that the COVID-19 pandemic "will remain a threat for the foreseeable future." Def.'s Mot., ECF No. 193 at PageID.3333. And the holiday-driven surge in cases noted by the Defendant was also anticipated and publicized well in advance of the Defendant's November 13 report date.[1] Contemporaneously, promising news of impending vaccine approvals and deployment brought hope that the end of the pandemic might be within reach in the next year.[2] With this backdrop, the Defendant could have requested to defer his

---

[1] *See, e.g.*, "Covid-19 Could Kill 2,900 Americans a Day in December, Researchers Say," *CNN News*, available at https://www.cnn.com/2020/10/05/health/fall-winter-covid-19-surge-impact/index.html (Oct. 5, 2020); "'Bite the Bullet and Cancel Thanksgiving Parties': Dr. Anthony Fauci Warns Covid Cases Could Spike If Holiday Gatherings Are Not Sacrificed," *The Daily Mail*, available at https://www.dailymail.co.uk/news/article-8842607/Dr-Anthony-Fauci-warns-Covid-cases-spike-Thanksgiving-gatherings-not-canceled.html (Oct. 15, 2020); "A Warning For The US? Canadians Are Seeing Thanksgiving-Related Spike," *Kaiser Family Foundation*, https://khn.org/morning-breakout/a-warning-for-the-us-canadians-are-seeing-thanksgiving-related-spike/ (Oct. 28, 2020).

[2] *See, e.g.*, "A COVID-19 Vaccine Could Begin Deployment in US In December, If FDA-Approved," National Public Radio, https://www.npr.org/sections/health-shots/2020/11/09/933060635/operation-warp-

report date further, and serve his full 36-month sentence once vaccines were widely available; instead, he chose to report to prison in November, and thereby trigger his eligibility to be considered for compassionate release from the remaining 95% of that sentence.

This Court should not permit the Defendant to evade responsibility for his crimes. The 36-month sentence imposed by this Court was calculated thoughtfully and carefully, based on consideration of the same Section 3553 factors the Court must contemplate today.  In imposing that sentence, this Court determined that this amount of time would adequately serve the purpose of deterring others from following in the Defendant's footsteps, and reflected the seriousness of his offense; it was designed to promote respect for the law and provide just punishment; it was calibrated to afford adequate deterrence to future criminal conduct.  18 U.S.C. §§ 3553(a)(2)(A), (B).  Each of these purposes would be undermined by releasing the Defendant now, merely eight weeks into his sentence.

Courts in this district and others have denied compassionate release to prisoners who had served far more of their sentences than this Defendant, on the same grounds urged by the government here. *See, e.g.*, *United States v. Lovett*, No. 14-cr-20273-3, 2020 WL 6685218 (E.D. Mich. Nov. 12, 2020) (J. Steeh) (denying compassionate

---

speeds-logistics-chief-weighs-in-on-vaccine-progress (Nov. 9, 2020); "Covid Vaccine: First Milestone Vaccine Offers 90% Protection," BBC News, https://www.bbc.com/news/health-54873105 (Nov. 9, 2020).

release to diabetic and obese prisoner who had completed 27% of her sentence for Medicare fraud because doing so would not reflect the seriousness of her offense, promote respect for the law, afford just and proportionate punishment, or provide sufficient deterrence); *United States v. Hernandez*, No. 18-cr-00152, 2020 WL 5797896 (E.D. Cal. Sept. 29, 2020) (denying compassionate release to asthmatic paraplegic prisoner who had completed 66% of his sentence for defrauding Social Security of $447,073 because doing so would not reflect seriousness of conduct, promote respect for law, provide just punishment, or afford adequate deterrence); *United States v. Doost*, No. 17-cr-00109, 2020 WL 5593936 (D.D.C. Sept. 18, 2020) (denying compassionate release to asthmatic prisoner who had completed just over a quarter of his sentence for a $9 million fraud because doing so would not reflect seriousness of conduct, promote respect for law, provide just punishment, or afford adequate deterrence). This Court should follow suit, and require the Defendant to complete the just sentence for which he has reported.

## **Conclusion**

For the foregoing reasons, the government respectfully requests that the Defendant's Emergency Motion for Compassionate Release (ECF No. 220) be denied.

Respectfully submitted,

Matthew Schneider
United States Attorney

*/s/ Kathleen C. Cooperstein*
Kathleen C. Cooperstein
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
Phone: (202) 957-2958
Email: kathleen.cooperstein@usdoj.gov

Dated: January 8, 2021

## Certificate of Service

I hereby certify that on January 8, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will serve counsel of record in this matter.

*/s/ Kathleen C. Cooperstein*
Kathleen C. Cooperstein
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
Phone: (202) 957-2958
Email: kathleen.cooperstein@usdoj.gov