UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

LIBERTY JARAMILLO (D-2),

Defendant.

_____/

Case No. 16-cr-20593

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENDANT'S EMERGENCY
MOTION FOR COMPASSIONATE RELEASE [#220]**

**I. INTRODUCTION**

On June 15, 2017, Defendant Liberty Jaramillo ("Jaramillo") plead guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Specifically, Defendant was involved in a scheme to fraudulently bill Medicare for health services that were not provided or were not medically necessary. On May 3, 2018, Defendant was sentenced to 36 months imprisonment. Defendant voluntarily reported to the United States Penitentiary in Lewisburg, Pennsylvania on November 13, 2020.

Presently before the Court is Defendant's Renewed Emergency Motion for Compassionate Release, filed on December 30, 2020. ECF No. 220. The Government filed its Response in Opposition on January 8, 2021. ECF No. 221. Defendant filed his Reply on January 12, 2021. ECF No. 223. A hearing on this

matter was held on January 15, 2021.  For the reasons that follow, the Court will GRANT Defendant's Motion [#220].

## II. FACTUAL BACKGROUND

Defendant Liberty Jaramillo is 70 years old and resided in Troy, Michigan prior to his incarceration.  Jaramillo was involved in a multi-defendant conspiracy that included the submission of false Medicare claims for services that were either not rendered or not medically necessary.  ECF No. 75, PageID.304.  Pursuant to his Rule 11 Agreement, these services were procured through the payment of illegal kickbacks.  *Id.*  Additionally, Defendant "managed some aspect of the day to day operations and all aspects of the finances for Anointed Care Services," a home health agency used by Defendant and his co-conspirators to submit the fraudulent claims. *Id.*

On June 15, 2017, Jaramillo pled guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349.  This Court sentenced Defendant to 36 months imprisonment on May 3, 2018.  Due to Defendant's age and medical conditions, however, this Court permitted numerous stipulations extending Defendant's voluntary surrender date, most recently on July 23, 2020.  *See* ECF Nos. 145, 153, 160, 166, 171, 176, 179, 197.  Without making any further requests to continue his report date, Defendant voluntarily reported to the United States Penitentiary in Lewisburg, Pennsylvania on November 13, 2020.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19.  ECF No. 220.  Defendant is set to be released from USP Lewisburg on June 2, 2023.  In his instant Motion, Defendant seeks early release from his term of imprisonment by arguing that he is at an increased risk of severe complications from COVID-19 and does not pose a danger to the community if released.  Specifically, Defendant alleges that he is particularly vulnerable to COVID-19 because of his age and history of tachycardia, heart palpitations, high cholesterol, type 2 diabetes, rheumatoid arthritis, gout attacks, and hyperthyroidism.  ECF No. 220, PageID.3668.  Defendant asserts that these conditions amount to compelling and extraordinary circumstances and therefore requests that the Court grant him early release from his sentence.

### III. LAW & ANALYSIS

**A.    Standard of Review**

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release.  As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may

impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The United States Court of Appeals for the Sixth Circuit recently delineated the three-step test the district courts generally employ when evaluating whether compassionate release is warranted under § 3582(c). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Specifically, the district court looks to (1) whether "extraordinary and compelling" circumstances warrant a reduction in sentence; (2) whether such a reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) whether the reduction in sentence is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a). *Id.*

The *Jones* court further held the Sentencing Guidelines Policy Statement § 1B1.13 did not "wholly survive the First Step Act's promulgation[,]" and that the statement is inapplicable to defendant-initiated motions for compassionate release. *Id.* Thus, district courts "may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.

## B. Exhaustion

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves.  First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018).  In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request.  18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).  In *Alam*, the Sixth Circuit rejected the defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement. *Id.* at 836 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government states that exhaustion is not an issue in this case.  ECF No. 221, PageID.3686.  Indeed, Defendant petitioned the warden for consideration for compassionate release on November 20, 2020.  ECF No. 220, PageID.3668. Thirty days have since lapsed without a response from the warden. *Id.*  Accordingly, Defendant has exhausted his administrative remedies with the BOP.

## C. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence.  18 U.S.C. § 3582(c).

Here, the Centers for Disease Control ("CDC"), the Government, and numerous courts acknowledge that Defendant's age and underlying health conditions, including tachycardia, heart palpitations, high cholesterol, type 2 diabetes, and hyperthyroidism, put him at an increased risk of severe complications from COVID-19.  *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated January 4, 2021).  Many of Defendant's medical conditions are confirmed and documented in his Presentence Investigation Report.  He is also seventy years old, meeting the CDC's classification of adults sixty-five years and older who are at higher risk of COVID-19 complications.  The Government does not contest these facts, instead "acknowledg[ing] that the Defendant fits into a category of individuals at increased risk of severe illness from COVID-19, as defined by the Centers for Disease Control, due to his age and Type 2 Diabetes."  ECF No. 221, PageID.3687.

Indeed, nearly all of Defendant's conditions independently fit into the CDC's definition of moderate to severe risk; together, "his conditions [] exacerbate each

other, placing him in a much more vulnerable position than a healthy person, if he were to get COVID-19." *United States v. Gardner*, No. 14-cr-20735-001, 2020 WL 4200979, at *6 (E.D. Mich. Jul. 22, 2020) (quoting *Howard v. United States*, No. 16-20222-2, 2020 WL 2615509, at *3 (E.D. Mich. May 22, 2020)).   Other district courts have found extraordinary and compelling reasons exist upon similar findings of numerous medical conditions that place a defendant at a higher risk for severe illness from COVID-19.  *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (finding extraordinary and compelling circumstances for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, 453 F. Supp. 3d 1062, 1067 (E.D. Mich. 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness . . . Miller suffers from all three.").

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has presented extraordinary and compelling circumstances under 18 U.S.C. § 3582(c).

### D. The 18 U.S.C. § 3553(a) Factors

Even where a court finds that extraordinary and compelling reasons exist, the court may not grant compassionate release unless it considers the potential reduction

in sentence in light of the sentencing factors contained in 18 U.S.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A).  The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect deterrence goals, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).

The Government argues the § 3553(a) factors disqualify Defendant from early release because he has only served approximately 3 months of his 36-month sentence.  Thus, the Government asserts that a reduction in sentence at this time will not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence of criminal conduct.  ECF No. 221, PageID.3689.

Upon consideration of the relevant facts, the Court finds that release is appropriate under the § 3553(a) factors given Defendant's present circumstances. While Jaramillo's offense is unquestionably serious, it was also a nonviolent, first time offense.  Defendant has demonstrated that he has strong family ties in the community and unlikely odds of recidivism.  He has also now served over three months of his 36-month sentence.  Further, he was consistently compliant with his pre-trial release conditions and had no disciplinary incidents during the over two-year period of his stipulated voluntary surrender date extensions.  At this time, the Court has not been made aware of any disciplinary record at the BOP either.

8

When extraordinary and compelling circumstances exist and the § 3553(a) factors otherwise support compassionate release, courts have concluded a reduction in sentence will not contravene § 3582(c), even though a defendant has not served at least fifty percent of the imposed sentence. *See, e.g., United States v. Cannon*, No. 15-20783, 2020 U.S. Dist. LEXIS 183984 (E.D. Mich. Oct. 5, 2020) (Cox, J.) (granting compassionate release to a 71-year old defendant suffering from diabetes, stage-3 kidney disease, obesity, hypertension, high cholesterol and gout, and reducing 188-month heroin distribution sentence to time served after defendant served 62 months or roughly thirty-three percent of imposed sentence); *United States v. Gardner*, No. 14-CR-20735-001, 2020 WL 4200979, at *8 (E.D. Mich. July 22, 2020) (Berg, J.) (granting compassionate release where defendant suffered from heart and other medical conditions and served only 12 months of his 52-month sentence); *United States v. Saad*, No. 16-20197, 2020 WL 2251808, at *7 (E.D. Mich. May 5, 2020) (Hood, C.J.) (granting compassionate release to 71-year old inmate who served 33 months of a 72-month sentence for a non-violent drug offense, and suffered from medical conditions including kidney disease, hypertension, pulmonary hypertension, sleep apnea and a recent diagnosis of kidney cancer).

In *Gardner*, the district judge rejected the Government's argument that release after only serving one year of a 52-month sentence precluded compassionate release. *Gardner*, 2020 U.S. Dist. LEXIS 129160, *23-24. The *Gardner* court reasoned that

while "[i]t may be that serving out [the defendant's] entire sentence would have a greater deterrent effect, [] a longer sentence would also have a greater potential for exposing a particularly vulnerable prisoner to the coronavirus, and the Court must weigh the value of deterrence against increasing the threat of a possibly lethal infection." *Id.* The *Gardner* court concluded that in balancing the circumstances before it, "deterrence weighs less." *Id.* Here, the risk of exposure to Defendant, who is likewise a particularly vulnerable prisoner to COVID-19, outweighs the value of deterrence.

Finally, Defendant has provided a plan upon release to live alone at a "residence . . . inspected and deemed fit by Pretrial Services" and with the support of his children who live in the area. ECF No. 220, PageID.3673. In light of all of these factors, the Court finds the § 3553(a) factors weigh in favor of granting compassionate release.

## IV. CONCLUSION

For the reasons discussed herein, Defendant's Emergency Motion for Compassionate Release [#220] is **GRANTED**. Defendant's sentence is reduced to time served.

**IT IS FURTHER ORDERED** that Defendant be **IMMEDIATELY RELEASED** from custody, without holding him for a 14-day quarantine period at

the United States Penitentiary in Lewisburg, Pennsylvania.  Defendant shall remain

in a 14-day quarantine upon release.

**IT IS FURTHER ORDERED** that Defendant shall, upon release, commence

his originally imposed 36-month term of supervised release.  *See* ECF No. 142,

PageID.2509.   Upon 24 hours of release, Defendant shall call the Probation

Department to schedule an appointment.

**IT IS FURTHER ORDERED** that the Probation Department place

Defendant on a GPS tether for a period of six months following his release.

**IT IS SO ORDERED.**


s/Gershwin A.  Drain _  _____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  February 16, 2021



CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 16, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager